**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JUAN G. GIL a/k/a**
**GUILLERMO GIL,**
**Fed. Inmate Reg. No. 35995-053,**

      **Petitioner,**

**-vs-**                                   **Case No.  8:05-cv-186-T-27EAJ**

**THE HONORABLE RALPH W. NIMMONS,**
**JEFFERY S. DOWING, JR., CLAYTON T.**
**GODFREY, CAL HENDERSON, MARK**
**OBER, PAUL PALOMINO, JR., DAVID**
**ELY, AND BRUCE PEARSON,**

      **Respondents,**

**CLAUDIA P. RUA,**

      **Intervenor,**

**JULIANA RUA,**

      **Intervenor,**

**EMILIO L. IPPOLITO,**

      **Counsel-Intervenor.**
_____/

**ORDER**

This cause is before the Court for consideration of a document entitled "Common Law

Demand for a True Writ of Habeas Corpus with a Constitutional Demand for a Jury Trial"

(Dkt. 1) filed by Petitioner Guillermo Gil and the "Common Law Demand for Sovereign

Appearance to have Assistance of Counsel" Gil attached to the petition requesting that the

-1-

Court appoint Inmate Emilio L. Ippolito to represent him in this matter (Dkt. 1, Attach.). Ippolito and Gil are incarcerated at Federal Correctional Complex in Coleman, Florida. Ippolito is not an attorney. *See Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court.").

## BACKGROUND

On February 6, 1990, Gil was indicted for conspiracy to possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Gil*, Case No. 8:90-CR-38-T-15B (M.D. Fla. 1991), CR Dkt. 1. Represented by counsel, *see id.*, CR Dkt. 40, on July 5, 1990, Gil entered a plea of guilty. *Id.*, CR Dkt. 56.   The plea was accepted by The Honorable William J. Castagna on January 25, 1991, and Gil was sentenced to a term of 420 months imprisonment, to be followed by a 60-month term of supervised release. *Id.*, CR Dkt. 97.   Judgment was entered on February 6, 1991. *Id.*, CR Dkt. 104.   Represented by court-appointed counsel, *see id.*, CR Dkt. 117, Gil filed a direct appeal.  The appellate court affirmed Gil's conviction and sentence on February 11, 1993. *Id.*, CR Dkt. 258. *See United States v. Gil*, Case No. 91-3136 (11th Cir. 1993).

Gil filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 on September 30, 1992.  Case No. 8:90-CR-38-T-15B, CR Dkt. 252.  Gil's § 2255 motion was denied on July 2, 1993. *Id.*, CR Dkt. 269.[1]  The Eleventh Circuit Court of Appeals granted Gil's motion to voluntarily dismiss his appeal of the district

---

[1]*See Gil v. United States*, Case No. 92-1429-CIV-T-21B (M.D. Fla. 1993).

court's decision denying his § 2255 motion on April 21, 1994. *Id.*, CR Dkt. 283. *See Gil v. United States*, Case No. 93-2878 (11th Cir. 1994).

Gil filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(2) and U.S.S.G. § 1B1.10 on January 3, 1996. *Id.*, CR Dkt. 286. The district court granted Gil's motion on March 14, 1996, reducing his sentence from 420 months to 329 months. *Id.*, CR Dkt. 288.

Gil filed the present document seeking federal habeas relief on January 28, 2005 (Dkt. 1). Having reviewed the petition, applicable statutes, and controlling case law, the Court finds that the petition is subject to dismissal without service on the Respondents because it plainly appears from the face of the petition that Gil is not entitled to habeas relief. *See* Rule 4, Rules Governing Section 2254 Cases (2004).[2]

## DISCUSSION

Pursuant to Rule 4 of the Rules Governing habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Court has conducted said review, and finds that it is clear that the petition must be dismissed as legally insufficient. The petition is an example of what the Eleventh Circuit

---

[2]The rules applicable to § 2254 petitions also apply to petitions filed pursuant to § 2241. *See Perez v. Hemingway*, 157 F.Supp. 2d 790, 796 (E.D. Mich. 2001); *Howard v. Haley*, 2001 WL 303534 *1 (S.D. Ala. March 8, 2001); *Howard v. Certain Unnamed Aircraft Pilots*, 1995 WL 431150 *2 (N.D. Ill. July 18, 1995). *See also* Rule 1(b), Rules Governing Section 2254 Cases ("In applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court.").

described with disapproval in *GJR Investments, Inc. v. County of Escambia, Fla.,* as a "shotgun" pleading.  132 F.3d 1359, 1368 (11th Cir. 1998) (characterizing a complaint that "presents scores of allegations regardless of their relevance and incorporates them in their entirety into several counts asserting discrete claims for relief, each of which contains several references to haphazardly described constitutional 'rights'" as a "classic example of what is referred to in this circuit as a 'shotgun pleading'" (citations omitted)).  From what can be surmised from the petition, the essence of Gil's claims is that the district court did not have jurisdiction over any aspect of his criminal case because district courts were not established by the United States Constitution.

Even though he is proceeding *pro se*, Gil is bound by the rules requiring that a pleading setting forth a claim for relief "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a).  *See* Rule 11 of the Rules Governing Section 2254 Cases (providing that "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").  There can be no question that Gil's complaint runs afoul of this basic rule.  Although Gil raises other issues, none are legally sufficient to warrant habeas corpus relief.

Mere conclusions of law, unsupported by any facts, are insufficient to support a claim for federal habeas relief.  "It is the relationship of the facts to the claim asserted that is important." Rule 2(e), Rules Governing Section 2254 Cases advisory committee note.  *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (holding that "a petitioner must state specific, particularized facts which . . . . consist of sufficient detail to enable the court to

-4-

determine, *from the face of the petition alone*, whether the petition merits further habeas corpus review" (emphasis added)); *Passic v. Michigan*, 98 F.Supp. 1015, 1016 (E.D. Mich. 1951). It does not appear that a more carefully drafted petition might state a claim upon which relief can be granted. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A petitioner is not required to prove his claim in his petition, but he must allege sufficient facts therein which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. The instant petition does not contain sufficient facts to constitute a viable claim for relief in a federal habeas court. "[E]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc.*, 132 F.3d at 1369. *See also Pontier v. City of Clearwater, Fla.*, 881 F.Supp. 1565, 1568 (M.D.Fla. 1995).

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED with prejudice**.

2. The request for appointment of counsel (Dkt. 1, Attach.) is **DENIED**.

3.  The **Clerk** is directed to enter judgment against Gil, terminate all pending motions, and close this case.

DONE AND ORDERED at Tampa, Florida, on April 21st, 2005.

/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

SA:jsh

<u>Copy furnished to</u>:
*Pro Se* Petitioner